UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES P. STANLEY CIGAR COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:20-cv-01866-MTS |
| OWNERS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file, during which the Court noted an issue with subject matter jurisdiction. *See Bueford v. Resol. Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (noting lack of subject matter jurisdiction "may be raised at any time by a party to an action, or by the court *sua sponte*"). Plaintiff failed to establish this Court's subject matter jurisdiction in the Amended Complaint, Doc. [15]. Ostensibly, the subject matter jurisdictional basis for this case is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The Court would only have diversity jurisdiction in this case under § 1332(a)(1) if the amount in controversy exceeds $75,000 and if "no defendant is a citizen of the same state as any plaintiff." *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003). But the Plaintiff failed to plead its citizenship or the citizenship of Defendant.

Therefore, Plaintiff shall file an Amendment by Interlineation with the Court citing the specific statutory basis for jurisdiction in this case (*e.g.*, 28 U.S.C. § 1332(a)(1)) and, if relying on diversity jurisdiction, stating and explaining the citizenship of both parties. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding, for diversity jurisdiction purposes, an LLC's citizenship is the citizenships of all its members);

*Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business."); *see also* 28 U.S.C. § 1653.

In addition to the jurisdictional issue, the Court notes that Plaintiff is failing to prosecute its case. It failed to respond to Defendant's timely filed Motion to Dismiss, Doc. [18], filed on May 5, 2021. Plaintiff also chose not to file any response to Defendant's Notice of Supplemental Authority, Doc. [20], filed on June 1, 2021. Indeed, Plaintiff has filed nothing since its Amended Complaint on April 21, 2021, Doc. [15]. If the Plaintiff can establish jurisdiction, the Plaintiff must then show cause why this case should not be dismissed for failure to prosecute.

Accordingly,

**IT IS HEREBY ORDERED** that by Friday, September 10, 2021, Plaintiff shall file an Amendment by Interlineation, as described in this Memorandum and Order, establishing this Court's subject matter jurisdiction.

**IT IS FURTHER ORDERED** that by Tuesday, September 14, 2021, Plaintiff shall show cause why this case should not be dismissed for failure to prosecute.

Dated this 1st day of September, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE